FILED
CLERK
2:27 pm, May 17, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAKE PANKEY, 19-R-0015,

                        Plaintiff,

      -against-

THE STATE OF NEW YORK, *et al.*,

                        Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
21-CV-1682 (JMA) (SIL)

**AZRACK, United States District Judge:**

*Pro se* plaintiff, Jake Pankey ("Plaintiff"), who is presently incarcerated at the Orleans Correctional Facility, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), complaining about the conditions of his confinement at that facility. (ECF No. 1.) More specifically, Plaintiff complains about the protocols in place at the Orleans Correctional Facility with regard to the COVID-19 virus. Plaintiff also filed an application to proceed *in forma pauperis* and a motion to certify a class action because his claims are related to *Stewart v. The State of New York*, 20-CV-3630(JMA)(SIL).[1] (ECF Nos. 2-3.) For the reasons that follow, this action is transferred to the United States District Court for the Western District of New York.

Under the general venue provision:

> a civil action may be brought in - - (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, the events giving rise to Plaintiff's claims are alleged to have occurred exclusively at the Orleans Correctional Facility located in Orleans County. Orleans County is

---

[1] By Order dated May 6, 2021, the *Stewart* case was transferred to the Western District of New York. (*See* 20-CV-3630(JMA)(SIL) at ECF No. 22.)

within the Western District of New York. *See* 28 U.S.C. § 112(d). Under 28 U.S.C. § 1391(b)(2), venue is therefore proper in the Western District of New York.

Accordingly, rather than dismiss the complaint for improper venue, the Court, in the interest of justice, transfers this action pursuant § 1406(a) to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1406(a) (stating that a district court may transfer a case filed in the wrong district "to any district . . . in which it could have been brought"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). The determination of Plaintiff's motions to proceed *in forma pauperis* and for class certification is reserved for the transferee court.

Accordingly, the Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York under Section 1406(a). The Clerk of the Court is further directed to mail a copy of this Order to Plaintiff and to mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: May 17, 2021
        Central Islip, New York

                                              /s/ (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE